625 P.2d 414

**Robert D. SPARROW,
Petitioner-Appellant,**

v.

**STATE of Idaho, Defendant-Respondent.**

**No. 13247.**

Supreme Court of Idaho.

March 19, 1981.

Michael R. McLaughlin, Mountain Home, for petitioner-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for defendant-respondent.

BAKES, Chief Justice.

This is an appeal from the dismissal of appellant Sparrow's petition for post conviction relief. Sparrow was arrested for embezzling a check entrusted to his care. An information was filed charging him with embezzlement, a felony, pursuant to I.C. § 18–2406. Sparrow pleaded guilty to the reduced charge of embezzlement, a misdemeanor. He now argues that he was not adequately informed of the intent element of the crime, and that acceptance of the plea was error, particularly in view of the fact that he denied any intent to commit the crime.

In order for a guilty plea to be voluntary, a defendant must be informed of the intent elements requisite to the charged offense. *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976); *State v. Bradley*, 98 Idaho 918, 575 P.2d 1306 (1978). In *State v. Bradley, supra,* we held that this requirement was satisfied where the information containing a reference to the necessary element of intent was read to the defendant, and there was no showing that the defendant was not conversant with the English language or that he lacked normal intelligence and education. *Cf. State v. Birrueta,* 98 Idaho 631, 570 P.2d 868 (1977) (guilty plea by non-English speaking defendant not voluntary).

In the present case, the defendant has a college education. He testified that he had read the information and understood the charge in it. It was even pointed out by counsel for the defendant, in the presence of the defendant, that "the issue at the trial would have been the question of fraudulent intent." The record clearly demonstrates that the defendant was adequately informed of the intent element of the crime charged.

We find also that the defendant's denial of criminal intent does not affect the validity of his guilty plea. As long as there is a strong factual basis for the plea, and the defendant understands the charges against him, a voluntary plea of guilty may be accepted by the court despite a continuing claim by the defendant that he is innocent. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). *See State v. Birrueta, supra; State v. Martinez,*

89 Idaho 129, 403 P.2d 597 (1965). Certainly the same principle holds true for a defendant who chooses to enter a plea of guilty, despite denial of any criminal intent.

In the present case the prosecutor recited the factual basis for the charge and defendant's counsel agreed with the facts as stated. In addition, the defendant advised the court that he understood the charges against him, as discussed above. The requirement of *State v. Colyer*, 98 Idaho 32, 557 P.2d 626 (1976), that the defendant be informed concerning the rights which he waives by pleading guilty was also met in this case. Consequently, we find that the court below did not commit error in accepting the defendant's plea of guilty.

The defendant also argues that he was improperly convicted of a non-existent offense, i. e., embezzlement, a misdemeanor. I.C. § 18–2413 states:

> "18–2413. PUNISHMENT FOR EMBEZZLEMENT.—Every person guilty of embezzlement is punishable in the manner prescribed for *feloniously stealing property of the value of that embezzled*; and where the property embezzled is an evidence of debt or right of action, the sum due upon it or secured to be paid by it shall be taken as its value: provided, that if the embezzlement or defalcation be of the public funds of this state, or of any county, city, or municipality within this state, the offense is a felony, and shall be punishable by imprisonment in the state prison not less than one (1) nor more than ten (10) years; and the person so convicted shall be ineligible thereafter to any office of honor, trust, or profit under this state." (Emphasis added.)

The defendant asserts that this section provides only for the crime of embezzlement, a felony, and that, consequently, there is no crime of embezzlement, a misdemeanor. He focuses in particular on the word "feloniously" in the description of the punishment authorized for an embezzlement conviction. There is no other section in the embezzlement statutes which further defines the degrees of or punishment for embezzlement.

The phrase "feloniously stealing property" in I.C. § 18–2413 refers to our larceny statutes found at Idaho Code title 18, chapter 46. I.C. § 18–4601 states:

> "18–4601. LARCENY DEFINED.—Larceny is the *feloniously stealing*, taking, carrying, leading, or driving away the personal property of another." (Emphasis added.)

Despite the use of the word "felonious" in defining the crime of larceny, the crime of larceny plainly includes both grand larceny, I.C. § 18–4604, and petit larceny, I.C. § 18–4605. Grand larceny is punishable by one to fourteen years in the state prison, I.C. § 18–4606, and is therefore a felony, I.C. § 18–111. Petit larceny is punishable by a "fine not exceeding $300, or by imprisonment in the county jail not exceeding six (6) months or both," I.C. § 18–4607, and is therefore a misdemeanor, I.C. § 18–111. Consequently, since the reference to "feloniously stealing" in the larceny statute includes both felony and misdemeanor offenses, the same is true of embezzlement under I.C. § 18–2413, which resorts to the larceny statutes to define the punishment for embezzlement. In addition, if such were not the case, the special provision in I.C. § 18–2413 making embezzlement of public funds a felony under all circumstances would be superfluous.

The order denying relief is affirmed.

McFADDEN, BISTLINE, DONALDSON and SHEPARD, JJ., concur.