659 P.2d 147

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Robert Allen HOWELL, aka Robert Allen Thorp, Defendant-Appellant.**

**No. 14559.**

Court of Appeals of Idaho.

Feb. 8, 1983.

Frederick G. Loats, Coeur d'Alene, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Leslie L. Goddard, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Robert Howell appeals from an order denying his motion to withdraw his plea of guilty to a charge of aggravated assault. He contends that the motion should have been granted because an affidavit which he filed in support of the motion put into issue his intent to commit the crime charged. We affirm the order denying the motion.

After an altercation which occurred on August 20, 1980, Howell was charged with battery and aggravated assault. He retained private counsel, pleaded not guilty, and trial was set for March 2, 1981. A month before trial, Howell's retained counsel requested permission to withdraw from the case, citing his inability to maintain contact with his client. The request was granted. Howell then asked for and was given, court-appointed counsel. Howell's new attorney sought and was granted, a continuance of the trial date, to August 10, 1981, to allow him additional time to prepare a defense.

On August 7, Howell changed his plea to guilty of the aggravated assault charge, in exchange for dismissal of the battery charge. At that time, an information—containing the alleged facts and elements of the assault offense—was read to Howell, and then paraphrased by the court in a dialogue with Howell. Howell was informed of the constitutional rights waived by pleading guilty, and was advised that the plea would be considered an admission of the facts stated in the information. When asked by the court whether he had done the acts charged, he answered, "Yes, sir." The court accepted the plea, ordered a presentence report, and scheduled a sentencing hearing for September 9.

On September 8, Howell moved for a continuance of the sentencing hearing. He requested more time to submit evidence to be considered by the court prior to sentencing, to interview witnesses for the sentencing hearing, and to discuss the presentence report with the presentence investigator. The sentencing hearing was rescheduled to October 27. One hour before the hearing was to begin, Howell filed a motion to withdraw his plea of guilty. To give the state an opportunity to prepare for and argue the motion, the court scheduled a hearing on the motion for November 10. The parties submitted the matter to the court on briefs, and on November 19, the court entered a written decision and order denying the motion. The court rescheduled sentencing for December 1. That hearing was continued three more times to allow Howell to undergo treatment for alcoholism and depression, which treatment Howell voluntarily began on November 24. The sentencing was continued a fourth time for completion of an updated presentence report. On March 2, 1982, one year from the originally scheduled trial date, the court passed judgment and imposed a sentence of two years in the custody of the Board of Correction. This appeal followed.

Howell's only contention on appeal is that the court erred in not allowing him to withdraw his plea of guilty. Howell cites *State v. Jackson,* 96 Idaho 584, 532 P.2d 926 (1975), where our Supreme Court held that a defendant should be allowed to withdraw a plea of guilty, if the motion is made prior to sentencing and if the defendant has not, in fact, admitted committing the acts charged. We believe *Jackson* is inapposite. In this case Howell did admit committing the acts charged when he entered his plea of guilty. When he later moved to withdraw that plea, he denied only that he had the intent requisite to the commission of assault. By this time, Howell had reviewed the presentence report recommending confinement.

Howell also relies on *State v. Huttinger,* 182 Mont. 50, 595 P.2d 363 (1979), for the proposition that withdrawal of a guilty plea should be allowed where the plea is a result of a plea bargain and where granting the

motion would not prejudice the state's case. Our reading of *Huttinger* does not support such a broadly stated proposition. In *Huttinger*, the Montana Supreme Court actually said that the existence of the plea bargain was a factor which militated *against* allowing the withdrawal of the plea. The court held that withdrawal of a guilty plea should have been allowed, in that case, for reasons not presented in the instant case: (a) Huttinger had never admitted the acts charged; (b) the underlying facts of the crime were not stated at the hearing; and (c) Huttinger had never been questioned as to competency of his counsel. In addition, the Montana court said that the voluntariness of Huttinger's plea had been put into question by his admission to a hospital for psychiatric examination immediately after sentencing. Because of the great difference between the facts of Huttinger's case and the circumstances of this case, *Huttinger* is plainly distinguishable.

In Idaho, it is well settled that a plea of guilty must be made voluntarily, knowingly, and intelligently in order to be valid. *See State v. Colyer,* 98 Idaho 32, 557 P.2d 626 (1976). The trial court is not required specifically to enumerate rights which a defendant waives by pleading guilty, so long as the record, and reasonable inferences drawn therefrom, affirmatively show that the plea was voluntary, that the defendant knowingly and intelligently waived his constitutional rights to a jury trial, to confront his accusers, and to refrain from self incrimination, and that the defendant understood the consequences of pleading guilty. *Id.* at 35, 557 P.2d at 629. The trial court also must inform the defendant of the intent elements requisite to the charged offense. *Sparrow v. State,* 102 Idaho 60, 625 P.2d 414 (1981). Reading to the defendant an information, which refers to the necessary intent element included in the charged offense, satisfies this requirement—in the absence of a showing that the defendant is not conversant with the English language or that he lacks normal intelligence and education. *State v. Bradley,* 98 Idaho 918, 575 P.2d 1306 (1978). *See also Schmidt v. State,* 103 Idaho 340, 647 P.2d 796 (Ct.App.1982).

A defendant's denial of criminal intent does not invariably destroy the validity of a guilty plea which is otherwise made voluntarily, knowingly and intelligently. The trial court may accept such a guilty plea, despite the defendant's concurrent claim of innocence, or despite his denial of intent, if a strong factual basis for the plea exists and the defendant understands the charge against him. *Sparrow, supra* at 61, 625 P.2d at 415. *See also North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *State v. Martinez,* 89 Idaho 129, 403 P.2d 597 (1965). In this case, Howell heard the information read and paraphrased; and he admitted the acts charged. Without elaborating, we also note that the record discloses a strong factual basis for the plea.

That a court may accept an otherwise valid guilty plea, even though the defendant denies criminal intent, does not necessarily preclude the court from later allowing the defendant to withdraw the plea. I.C.R. 33(c). The granting or denial of a motion to withdraw a plea of guilty, before sentence is imposed, is within the discretion of the trial court. Generally such discretion should be exercised liberally. *See State v. Martinez,* 89 Idaho 129, 403 P.2d 597 (1965) and cases cited therein. The American Bar Association's Standards, Pleas of Guilty § 2.1(b) (1968), provide that "[b]efore sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea." On appeal from the denial of such a motion, the burden is on the movant to show an abuse of discretion. *Martinez, supra.*

A grant of discretion allows the court to decide each question on its own merits, considering the circumstances which are peculiar to that situation. "Discretion ... allows the individualization of law and permits justice at times to be hand-made instead of mass-produced." Rosenberg, *Ju-*

*dicial Discretion of the Trial Court, Viewed from Above,* 22 Syracuse L.Rev. 635, 642 (1971).

In our view the proper exercise of such discretion requires identifying the conflicting factors which should bear on the decision, and arriving at a decision based on a well-reasoned consideration of those factors. To assure that discretion has been exercised in this manner, and to provide for meaningful appellate review, the trial court should state on the record the factors upon which its decision is grounded.

Here the court systematically listed the factors on which its decision was based. First, the plea of guilty had been made knowingly, intelligently and voluntarily. Second, Howell had been informed of the intent requirement twice, by a reading of the information and by the court's rephrasing of that information. Third, the motion for withdrawal of the plea, citing lack of intent as a ground, was not made until one hour before Howell's sentencing hearing was scheduled to begin. At that time, more than two months had elapsed since Howell was informed of the intent requirement. During the interim, Howell had reviewed his presentence report. In denying Howell's motion, the court stated that it was unwilling to allow Howell to view the presentence report, speculate on the sentence which the court would impose, and then change his plea and request a jury trial, hoping for a lesser sentence or for a further delay in the imposition of any sentence.

The trial court noted language in *Jackson, supra,* quoting from *Kadwell v. United States,* 315 F.2d 667, 670 (9th Cir. 1963), indicating that a defendant who seeks to withdraw a guilty plea should bear a heavier burden of showing good cause if the motion is made after sentencing. *See also,* I.C.R. 33(c), which requires a showing of "manifest injustice." Otherwise a defendant could "plead guilty to test the weight of potential punishment and withdraw the plea if the sentence were unexpectedly severe." *Jackson,* 96 Idaho at 588, 532 P.2d at 930. This, said the trial court in the present case, would "undermine respect for the courts and fritter away the time and painstaking effort" involved in the sentencing process. The trial court compared this case to one in which an effort is made to withdraw a plea after sentence has been imposed. The judge perceived the difference between moving to withdraw a plea immediately after sentencing, and making such a motion before sentencing but after review of the presentence report, as "slight." While we do not necessarily believe the difference would always be "slight," we do believe that the defendant's review of the presentence report is a proper factor to weigh in deciding whether a motion to withdraw a plea should be granted.

In view of the facts and procedural history of this case, we conclude that the district court properly exercised its discretion in denying Howell's motion. An abuse of discretion has not been shown. The order denying the motion to withdraw the plea of guilty is affirmed.

SWANSTROM and BURNETT, JJ., concur.