712 P.2d 703

**Daniel L. FOWLER,**
**Petitioner-Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 15120.**

Court of Appeals of Idaho.

Dec. 20, 1985.

Thomas W. Callery of Lewiston for petitioner-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for respondent.

SWANSTROM, Judge.

Daniel Fowler applied for post-conviction relief from a judgment of conviction entered upon his plea of guilty to the charge of first degree burglary of a restaurant. The district court denied the requested relief and Fowler has appealed. He contends that relief should have been granted because his guilty plea was not voluntary; that the sentencing judge failed to: (1) inform him of the nature of the charge of first degree burglary and (2) make a determination that a factual basis existed for the acceptance of a guilty plea. We affirm.[1]

Fowler first contends that his guilty plea was not voluntary because he was not informed of the nature of the charge when he withdrew his not guilty plea and entered a plea of guilty. The guilty plea was a result of plea bargaining by which the state agreed to dismiss an additional charge of first degree burglary and to not file a charge of assaulting a police officer. Specifically, Fowler alleges that the district court did not inform him that one of the elements of burglary which the state is required to prove is that the entry into the building was made with the "intent to commit any theft or any felony." I.C. § 18–1401. It is well-established that a plea of guilty must be made voluntarily, knowingly and intelligently in order to be valid. *State v. Colyer*, 98 Idaho 32, 557 P.2d 626 (1976). A defendant must be informed of the intent element in order for a guilty plea to be considered voluntary. *Sparrow v. State*, 102 Idaho 60, 625 P.2d 414 (1981). However, reading to the defendant an information, which refers to the elements of the charge including the intent element, satisfies this requirement in the absence of a showing that the defendant is not conversant with the English language or lacks normal intelligence and education. *State v. Bradley*, 98 Idaho 918, 575 P.2d 1306 (1978); *Schmidt v. State*, 103 Idaho 340, 647 P.2d 796 (Ct.App.1982).

In the present case the information was read to Fowler at the arraignment hearing approximately two months prior to his change of plea. The information contained the elements of first degree burglary, including the element of intent, by stating that Fowler entered the restaurant "with

---

1. Fowler also appealed directly from the judgment of conviction raising several issues. *See State v. Fowler*, 105 Idaho 642, 671 P.2d 1105 (Ct.App.1983). Our opinion affirming the judgment of conviction was issued after the district judge denied relief to Fowler in this case. In that appeal Fowler did not attack the entry and acceptance of his plea. Now Fowler's petition alleges he was deprived of a constitutional right of due process. The state has not contended that Fowler is foreclosed from presenting this issue in a petition for post-conviction relief even though he could have presented the issue in his direct appeal. It remains unclear what issues a defendant must present in a direct appeal, if one is taken, and what issues he may independently assert through the avenue of post-conviction relief proceedings. *See, e.g., State v. Darbin*, 109 Idaho 516, 708 P.2d 921, (Ct.App., 1985) (Burnett, J., specially concurring). *See also Kraft v. State*, 100 Idaho 671, 603 P.2d 1005 (1979); *Smith v. State*, 94 Idaho 469, 491 P.2d 733 (1971); *Baruth v. Gardner*, Idaho, (Ct.App., slip op., December 10, 1985). We believe the problem need not be explored in this opinion.

the intent to commit the crime of larceny by the taking, stealing and carrying away of certain persona [sic] property belonging to another." We believe this language would inform Fowler that he was charged with having the intent to commit theft when he entered the building. *See State v. Coffin,* 104 Idaho 543, 661 P.2d 328 (1983); *Bates v. State,* 106 Idaho 395, 679 P.2d 672 (Ct.App.1984).

■ There is no assertion that Fowler is not conversant with the English language or has a below normal intelligence. At the change of plea hearing, when the judge inquired about Fowler's education, Fowler responded he had about one year of college. Fowler was not unfamiliar with the charge of burglary, having been convicted of burglary in 1974 and in 1979. This prior experience in legal proceedings may be considered in determining whether Fowler understood the nature of the charge to which he pled guilty. *Bates v. State, supra.* In connection with the presentence investigation Fowler wrote out his own explanation of events leading to his arrest and to his plea of guilty. While Fowler's statement omitted numerous incriminating "facts" contained in police reports, Fowler's statements do show that he had a clear understanding of the intent element of the crime of burglary.[2] Fowler's statement, as well as the police reports, were made a part of the presentence report. The record shows that Fowler signed his statement on December 31, 1981, the day after he changed

his plea to guilty. Further, Fowler stated that he decided to plead guilty after discussing the matter with his attorney. The record, including the reasonable inferences drawn therefrom, affirmatively shows that Fowler had been informed of the nature of the charge to which he pled guilty.

Fowler relies on *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), in support of his argument. In *Henderson,* the defendant was charged with first degree murder but pled guilty to second degree murder pursuant to a plea bargain. The charge of second degree murder was never formally made, resulting in the failure to inform the defendant of the necessary elements of the crime. The United States Supreme Court held that the defendant's plea of guilty in such circumstances was not voluntary. However, Fowler's circumstances differ significantly from those in *Henderson.* Fowler was formally charged with first degree burglary and pled guilty to first degree burglary. The information stating the elements of first degree burglary was read to him. In view of all of the foregoing circumstances, we conclude that Fowler knowingly, intelligently and voluntarily pled guilty.

■ Fowler has asked us to examine his statement of the crime, contained in the presentence report, for a different purpose. It contains a disclaimer of any intent to steal when the unlawful entry into the restaurant was made.[3] Fowler asserts that

---

**2.** "I admit that I unlawfully broke and entered into Elmer's Restaurant but I am actually innocent of entering into Elmer's with the intent of taking or carrying away property. When one thinks of burglary one thinks of entering a building with the intent to commit a crime in such a way that by taking or carrying away of property for personal use, profit or resale and the only reason I pled guilty to a charge which gives the indication of profit or resale or taking and carrying away of property was to have a charge which I did not do dropped. In order to have the charge dropped I had to plead guilty to burglary when there was no intent of taking or carrying away property. I would have had pled guilty in the beginning had I just been charged with breaking and entering but the complaint reads (taking and carrying away of

certain property) in which there was no actual intent but since I did plead guilty in order to have another charge dropped I fear that I would not be given an opportunity to defend myself in regards to the taking and carrying away of certain property issue."

**3.** "I left the vacant building as I was cold and couldn't sleep and I broke a small glass window out of the side of Elmer's Restaurant. I entered Elmer's with the intent of keeping warm which was my only intention upon entering. Once I had entered the thought of food did enter my mind but about the same time food entered my mind a police officer showed up and I ran from the building and went back to the vacant building were I was arrested. The idea or thought of stealing food did not enter my mind."

the lack of an express factual admission of guilt made by him when he pled guilty and his disclaimer of the prerequisite intent obligated the court to inquire into the factual basis of his guilty plea at the time it was accepted. At present, Idaho does not require a district judge to establish a factual basis prior to accepting a guilty plea. *State v. Coffin, supra; Schmidt v. State, supra.* Certain exceptions to this rule have been recognized, such as when the defendant is unwilling or unable to admit his participation in the crime or continues to assert his innocence while pleading guilty. *Schmidt v. State, supra.* Fowler has failed to show that he falls within any of the exceptions. Fowler neither expressly admitted his guilt nor asserted his innocence when he entered his guilty plea. Fowler stated he was pleading guilty because the state would dismiss the additional first degree burglary charge and he believed the evidence against him to be overwhelming.

> THE COURT: You've also given up the presumption of innocence?
>
> THE DEFENDANT: I—I'm not sure about that. I'm pleading guilty because the charges are being dropped.
>
> THE COURT: Well, I want you to understand this: As a matter of law you're giving up the presumption of innocence if I accept this plea of guilty.
>
> THE DEFENDANT: Oh, I understand that.
>
> THE COURT: You understand that?
>
> THE DEFENDANT: Yes, I understand that.
>
> THE COURT: You can protest whatever you want and so on but as a matter of law—
>
> THE DEFENDANT: I understand that.
>
> THE COURT: If you plead guilty you are guilty; okay?
>
> THE DEFENDANT: I understand that.

We hold that—at the time when the guilty plea was entered—the court was not required to establish a factual basis for the charges. The district court did not err at this stage of the proceeding in accepting

Fowler's plea of guilty. *See State v. Coffin, supra.*

However, Fowler argues that the statement in the presentence report concerning his lack of intent to steal from the restaurant created a duty of the district court—at the time of sentencing—to inquire into the factual basis for the plea. We have stated that:

> this holding does not diminish a court's obligation to conduct such an inquiry if—after a plea is entered but before sentence is imposed—the court receives information raising an obvious doubt as to whether the defendant is in fact guilty. In such circumstances, the trial court should inquire into the factual basis of the plea, either to dispel the doubt or to allow the defendant to plead anew.

*Schmidt v. State,* 103 Idaho at 345, 647 P.2d at 801; *see also State v. Coffin, supra.* The question presented before us is whether Fowler's statement in the presentence report that he "entered Elmer's with the intent of keeping warm which was my only intention upon entering" raised an "obvious doubt" as to his guilt at the sentencing hearing.

■ In answering this question, we look at the record before the district judge at the sentencing hearing. In the present case, the transcripts of the preliminary hearing were before the district judge. They contained testimony of several police officers providing evidence of Fowler's forcible entry into the restaurant. The record indicates that the district judge had studied the transcripts of the preliminary hearing in order to rule on a motion unrelated to this appeal. The presentence report also contained information indicating a factual basis for the burglary charge. A factual basis for guilty pleas may be determined from the record, including presentence reports and preliminary hearing transcripts. *State v. Rogowski,* 130 Ariz. 99, 634 P.2d 387 (1981). *Accord, Perez v. State,* 351 So.2d 384 (Fla.App.1977).

■ The total record contains evidence from which strong inferences arise that Fowler intended to commit theft when he

broke into the restaurant. The record before the district judge provided evidence that Fowler had spent the evening drinking at a tavern until it closed at 2:00 a.m. He then burglarized an electronic shop, taking a gun and a radio, shortly before he was seen inside the restaurant. Although Fowler says he entered the restaurant solely to keep warm, police reports indicate that Fowler was wearing a pair of surgical rubber gloves and was carrying a stolen, loaded revolver when he broke into the restaurant. After he was sighted in the restaurant he got rid of the gun—then cocked and ready to fire—as well as the surgical gloves. In sum, there was considerable circumstantial evidence that Fowler had committed not one but two burglaries within minutes of each other.

■ Fowler's plea and an outline of the factual basis for the charge were before the district judge both at the time of the plea and before Fowler's sentence was imposed. The fact that Fowler did not admit to committing the act does not foreclose him from voluntarily pleading guilty since he acknowledged that the evidence made a strong case against him. *State v. Harmon*, 107 Idaho 73, 685 P.2d 814 (1984). From our review of the record before the district judge at the sentencing hearing, we conclude that Fowler's assertion in the presentence report of his lack of criminal intent was not sufficient to raise an obvious doubt as to his guilt. The court did not err in accepting Fowler's guilty plea.

The order of the district court in the post-conviction proceeding, denying the application for relief, is affirmed.

WALTERS, C.J., and BURNETT, J., concur.