715 P.2d 374

**Dennis Mark SVENSON,
Petitioner-Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 15982.

Court of Appeals of Idaho.

Feb. 21, 1986.

Dennis Svenson, pro se.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., for respondent.

PER CURIAM.

Following guilty pleas, Dennis Svenson was sentenced on five counts of burglary. A year later he filed this action for post-conviction relief, alleging (a) that his guilty pleas should be set aside because the state violated a plea bargain agreement, and (b) the presentence report contained prejudicial hearsay information relating to other prior crimes. The district court dismissed the petition. We affirm.

The district court dismissed Svenson's application for post-conviction relief without an evidentiary hearing. On review, it is our task to determine if there were genuine issues of material fact making a dismissal on the pleadings and on the records improper. I.C. § 19–4906(b); *Daugherty v. State*, 102 Idaho 782, 640 P.2d 1183 (Ct. App.1982).

Svenson contends first that the state did not honor the plea bargain agreement which led to his guilty pleas. The lower court decided this issue against Svenson. The court based its decision on the pleadings and affidavits in the post-conviction proceedings and also upon the record of the arraignment and sentencing hearings in the district court in the underlying criminal case. Our review is made upon the same record.

In his amended petition for post-conviction relief, Svenson alleged that he had a written plea bargain agreement providing that, in exchange for his cooperation and confessions, he would be charged with four burglaries for which the prosecuting attorney would recommend that he be given four concurrent, indeterminate sentences not to exceed five years. In support of the allegation, Svenson attached a copy of a handwritten statement which reads verbatim as follows:

On 3–21–83 Dennis Svensen and R/O—discussed several cases occuring in Gem Co. which Svensen is connected with. I have reach a point of cooperativeness with Svensen and for his confession in these cases I contacted Cy Rood Prosecutor, and varified that for Svensens testimony, he would be charged with 4 burglaries and 5 year sentences for each count to run concurent, and also to run concurent with Ada Co. charges.

Les Cochran

Sgt. Les Cochran

In answer to Svenson's amended petition, the state denied it had any such agreement with Svenson. The state affirmatively alleged that it had:

originally filed a nine count criminal complaint with the Magistrate Division of the District Court. The Petitioner Svenson, with the advice and assistance of counsel agreed to enter a plea to five counts of the original nine count complaint and the Defendant Svenson waived preliminary hearing and was bound over on those five counts. The remaining four counts were dismissed in the Magistrate Division of the District Court.

3. An agreement was reached between Petitioner Svenson and his counsel with the Respondent State that the State would recommend five years incarceration on each count to run concurrent which agreement was kept at the time of sentencing.

■ Svenson correctly notes that "a defendant is constitutionally entitled to relief when the state breaches a promise made to him in return for a plea of guilty" because a guilty plea waives certain constitutional rights. *State v. Rutherford,* 107 Idaho 910, 913, 693 P.2d 1112, 1115 (Ct.App.1985), *quoting United States v. Ocanas,* 628 F.2d 353, 358 (5th Cir.1980), *cert. denied,* 451 U.S. 984, 101 S.Ct. 2316, 68 L.Ed.2d 840 (1981). A valid guilty plea must be both voluntary and intelligent. *State v. Howell,* 104 Idaho 393, 659 P.2d 147 (Ct.App.1983). When the state breaches its agreement with respect to an executed plea agreement, the defendant's plea of guilty can be set aside because it was entered in reliance upon a false premise. *Mabry v. Johnson,* 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984).

■ In this case, however, it is clear that any alleged breach of the plea bargain agreement occurred *before* the guilty pleas were entered and accepted. Svenson did not enter guilty pleas in reliance on a promise by the state not yet broken. When Svenson pled guilty, the alleged agreement had already been breached by the charging of five burglaries. It does not logically follow that Svenson was induced to plead guilty to five burglaries by an earlier agreement that he would only be charged with four burglaries. There is no indication that Svenson failed to understand the five charges made against him. He had the option of pleading not guilty, but he simply chose to do otherwise. His choice has not been shown to be the product of any deception by the state. There was no reliance upon any "false premises." *Mabry v. Johnson,* 467 U.S. at 510–511 n. 11, 104 S.Ct. at 2548 n. 11, 81 L.Ed.2d at 444 n. 11.

Svenson next asserts that computerized printout data of his prior criminal history was improperly included in his presentence investigation report. Svenson has failed to request that the presentence report be included in the record on appeal. In addition, the admissibility of Svenson's prior criminal conduct was not questioned at Svenson's sentencing hearing.

At the sentencing hearing, Svenson stated he had "briefly looked over" the presentence report and was given an opportunity to dispute anything in the report that was inaccurate. Further, the district court mentioned the prior crimes contained in the presentence report during the course of the sentencing hearing without objection from Svenson. Finally, Svenson agreed with the court's assessment that "the record is sufficient to establish that you are a professional thief." It has not been shown or even asserted here that the presentence report failed to substantially comply with I.C.R. 32. Under these circumstances we will not review a challenge to a presentence report when no objection was urged at the sentencing hearing. *State v. Terris,* 106 Idaho 927, 684 P.2d 329 (Ct.App.1984).

The order dismissing Svenson's petition for post-conviction relief is affirmed.