749 P.2d 1

STATE of Idaho, Plaintiff–Respondent,

v.

Edward JARAMILLO,
Defendant–Appellant.

No. 16835.

Court of Appeals of Idaho.

Oct. 20, 1987.

Raymundo G. Pena, Rupert, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Following plea negotiations with the state, Edward Jaramillo pled guilty to one count of armed robbery. I.C. §§ 18–6501, 6503. He received an indeterminate nine-year sentence. As part of the plea bargain, the state agreed to allow him to be extradited to Arizona to answer pending probation violation charges and, in effect, to serve part of his Idaho sentence in Arizona. After the Idaho sentencing, however, Arizona decided against extradition, leaving Jaramillo to serve his sentence in Idaho. Jaramillo filed a motion to withdraw his guilty plea. The district court denied the motion, and Jaramillo brought this appeal. We affirm.

The facts surrounding this appeal are uncontested. Edward Jaramillo was arrested for the robbery of a Twin Falls Circle K store. At the time of the robbery, he was wanted in Arizona for a probation violation. He reached a plea bargain with the State of Idaho, agreeing to plead guilty to one count of armed robbery. In turn, the state would recommend to the court an indeterminate nine-year sentence and request that Jaramillo be allowed to be extra-

dited to Arizona to answer the Arizona charges and to serve part of his Idaho sentence there if he was imprisoned in Arizona. The district court accepted the plea and the state's recommendations. It sentenced Jaramillo accordingly. Deputy Prosecuting Attorney Jeff Hosking notified Arizona authorities of the case's disposition and Jaramillo's readiness for extradition. Shortly thereafter, Arizona withdrew its fugitive warrant, choosing not to extradite Jaramillo from Idaho but leaving the charges against him intact.

Jaramillo moved to set aside his guilty plea on the Idaho robbery charge due to the state's failure to secure his extradition to Arizona. The district court denied the motion, finding that the state had performed its promise to allow extradition, but that the final decision to extradite lay with Arizona authorities. Jaramillo has appealed, making the following arguments: (1) the court lacked jurisdiction to accept the guilty plea due to the improper signing of the information; (2) the prosecutor's actions, prompting Arizona's failure to extradite, breached the plea agreement; and (3) the court otherwise erred in refusing to allow withdrawal of the guilty plea. We affirm the order denying withdrawal of the guilty plea.

■ We address the jurisdictional argument first. Jaramillo attempts to characterize the information as defective, depriving the district court of jurisdiction. He argues that the document, here signed by Deputy Prosecuting Attorney Hosking, must be signed by the prosecuting attorney. This argument is without merit. Where, as here, a duty or power is conferred by law on a prosecuting attorney in this state, the same duty or power is conferred upon his or her deputies. I.C. § 31–2008. *See also Gasper v. District Court*, 74 Idaho 388, 264 P.2d 679 (1953); *State v. Taylor*, 59 Idaho 724, 87 P.2d 454 (1939).

■ Jaramillo also argues that Hosking's appointment as a deputy prosecuting attorney was invalid because of the failure to comply with I.C. § 31–2007 requiring that the appointment "must be made in

writing and filed in the office of the county recorder." Jaramillo has made an untimely, collateral attack upon the appointment. Nevertheless, the showing he has made on the merits of this issue is not persuasive. In the augmented record in support of this argument is the affidavit of the Twin Falls County "Clerk of the District Court, ex officio auditor and recorder, [and] ex officio clerk of the board of commissioners." The affidavit recites in part:

4. That there appears no written document in the recorders [sic] office that was filed with the appointment of Jeff Hoskin [sic] as deputy prosecutor for Twin Falls County, pursuant to I.C. Section 31–2007;

5. That there appears in the minutes of the county commissioners on February 1, 1985, a notation of the appointment of Jeff Hoskin [sic] as deputy prosecutor for Twin Falls County.

We hold, under the authority of *Gasper v. District Court, supra,* that Hosking was, at the time relevant to this case, at least a de facto deputy prosecuting attorney. We conclude that no jurisdictional defects have been shown to exist in the information. Any nonjurisdictional defects did not affect the voluntariness of Jaramillo's plea and were waived by the failure to timely assert them. I.C.R. 12(b)(2), 12(e).

Jaramillo's second issue concerns Hosking's contact with Arizona authorities. Following sentencing, a tentative extradition date was established. Jaramillo argues that Hosking's contact with Arizona authorities, after extradition arrangements had been made, caused the Arizona authorities to decide not to extradite, amounting to a breach of the plea agreement between the parties. The district court held otherwise.

■ Jaramillo stresses that a plea bargain agreement is contractual in nature. He asserts that where a promise of the prosecutor induces the accused to accept the bargain, the promise must be fulfilled or the underlying basis for the plea fails. In support he cites the rulings in *United States v. Ocanas*, 628 F.2d 353 (5th Cir.

1980), and *State v. Rutherford*, 107 Idaho 910, 693 P.2d 1112 (Ct.App.1985), where it was held that "when the prosecution breaches its promise with respect to an executed plea agreement, the defendant pleads guilty on a false premise, and hence his conviction cannot stand." *State v. Rutherford*, 107 Idaho at 913, 693 P.2d at 1115 (quoting *Mabry v. Johnson*, 467 U.S. 504, 509, 104 S.Ct. 2543, 2547, 81 L.Ed.2d 437 (1984)). This rule stems from the principle that a valid guilty plea must be voluntary and intelligent. *Id. See also State v. Colyer*, 98 Idaho 32, 557 P.2d 626 (1976); *State v. Howell*, 104 Idaho 393, 659 P.2d 147 (Ct.App.1983). Violation of a plea agreement undermines the voluntariness of the plea, rendering it invalid. *State v. Rutherford, supra. See also Svenson v. State*, 110 Idaho 161, 715 P.2d 374 (Ct.App. 1986). Jaramillo contends that the state's breach of the plea bargain agreement robbed him of his expected benefit and rendered his plea involuntary. We do not agree that a breach occurred.

■ The parties agreed that extradition to Arizona would not be contested by either the state or the court, nor has it been to date. The agreement contains no guarantee of extradition; indeed, Idaho cannot compel such action by a sister state. Jaramillo was so informed by the district court. Nothing in the record indicates any reasonable basis to believe that the state would not communicate the case disposition to Arizona authorities. There is no evidence that the plea was involuntary or that it was tendered in reliance on the state's silence. The information Hosking communicated was neither privileged nor erroneous. On the contrary, the sentencing order is public information which cannot be withheld deliberately for the purposes Jaramillo suggests. Legitimate communication between interested states is not to be unnecessarily discouraged. Without addressing the validity of a state's promise not to communicate certain information to another state, we find that there was no such promise here. Under these facts there was no breach of the plea agreement.

While our result in the present case differs from that in *State v. Rutherford, supra*, we find the rationale behind the cases to be consistent. In *Rutherford*, the parties reached a plea bargain agreement whereby the defendant would plead guilty to a charge of lewd and lascivious conduct in return for dismissal of other charges and the prosecution's promise not to recommend a life sentence. At the sentencing hearing, however, the state expressly recommended a fixed life sentence. We held that the sentence recommendation was a direct breach of the plea agreement, rendering the defendant's plea involuntary. Thus, we required a breach of an express clause of the plea agreement before finding the plea to be involuntary. We have no such breach here.

■ Finally, we address Jaramillo's general contention that the district court erred in failing to allow withdrawal of the guilty plea. Jaramillo's motion was filed after sentencing was completed. The standard for post-sentencing withdrawal of a guilty plea is more stringent than that for presentencing withdrawal. Post-sentencing withdrawal is allowed when manifest injustice would result from allowing the plea to stand. I.C.R. 33(c). *See also State v. Creech*, 109 Idaho 592, 710 P.2d 502 (1985); *Russell v. State*, 105 Idaho 497, 670 P.2d 904 (Ct.App.1983). Such a motion is addressed to the sound discretion of the district court. *State v. Creech, supra*. We have addressed the alleged points of injustice raised on appeal and have found none which dictate that Jaramillo be allowed to withdraw his plea and proceed to trial. Neither the signing of the information nor the disclosure of the case disposition has resulted in manifest injustice. Jaramillo seeks relief because his anticipated benefit from the plea bargain—extradition to Arizona—did not materialize. This result, a risk inherent in the plea bargain agreement from the beginning, does not amount to manifest injustice. On the record before us, we hold that the district court did not abuse its discretion in denying Jaramillo's motion to withdraw his guilty plea.

We note that our ruling does not close all avenues of recourse open to Jaramillo. He need not serve out his sentence in Idaho only to face the charges pending in Arizona. He retains the right to make a written request for a speedy and final disposition in Arizona of those outstanding charges. I.C. §§ 19–5001 to –5008.

The order denying the motion to withdraw the guilty plea is affirmed.

WALTERS, C.J., and BURNETT, J., concur.