815 P.2d 484

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Stacy HANSEN, Defendant–Appellant.**

No. 18450.

Court of Appeals of Idaho.

Aug. 1, 1991.

David N. Parmenter, Blackfoot, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen. and Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent. De Anna Zamora, legal intern, supervised by Deputy Atty. Gen. Michael Kane, argued.

SILAK, Judge.

Stacy Hansen entered an *Alford* plea, pursuant to a written I.C.R. 11(d) plea agreement, to a charge of second degree murder, I.C. § 18–4003(g). After receiving the presentence investigation report, but prior to sentencing, she moved to withdraw her guilty plea on the ground that she had been confused about the minimum sentence she could receive. The district court denied her motion and imposed a unified sentence of fifteen years in the custody of the Board of Correction, with a five-year minimum period of confinement. Hansen appeals, arguing that the district court erred by denying her motion to withdraw her guilty plea. For the reasons stated below, we affirm.

On March 9, 1989, Hansen stabbed her husband in the chest, and he died from the wound. According to Hansen, the stabbing occurred during one of many domestic disputes between the couple during their stormy, two-year relationship. She originally was charged with first degree murder, to which she pled not guilty. Later, pursuant to a written I.C.R. 11(d) plea agreement, the state dismissed that charge, and Hansen pled guilty to a charge of second degree murder in order to avoid the possibility of being found guilty of first degree murder and of receiving a more severe sentence. Under *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), Hansen acknowledged that there was sufficient evidence to convict her of either charge, but denied that she intended to kill her husband. The state agreed not to seek a sentence in excess of twenty years and not to produce aggravating evidence at sentencing, unless such evidence was necessary to rebut Hansen's mitigation testimony or unless the presentence investigation varied substantially from the state's understanding of Hansen's background.

The district court accepted Hansen's *Alford* plea, ordered a presentence investigation report, and set the case for sentencing. At the beginning of the sentencing hearing, Hansen orally moved to withdraw her *Alford* plea. After taking the motion under advisement and considering the briefs submitted by both parties, the district court denied the motion. Hansen contends that the district court erred by denying her motion to withdraw her guilty plea on the following grounds: that she did not intend to kill her husband; that she was confused about the minimum sentence which could be imposed; and that the prosecution breached the plea agreement by referring at the sentencing hearing to some letters containing romantic intonations she had written to another inmate.

## I. Intent

The defendant's denial of criminal intent does not necessarily destroy the validity of a guilty plea which otherwise was entered voluntarily, knowingly, and intelligently. *Alford*, 400 U.S. at 37, 91 S.Ct. at 167; *State v. Howell*, 104 Idaho 393, 396, 659 P.2d 147, 150 (Ct.App.1983). The district court may accept the guilty plea, despite the defendant's concurrent denial of the requisite intent, if there is a strong factual basis for the plea and if the defendant understands the criminal charge. *Alford*, 400 U.S. at 37, 91 S.Ct. at 167; *Howell*, 104 Idaho at 396, 659 P.2d at 150. In order for a guilty plea to be voluntary, a defendant must be informed of the intent element of the charged offense. *Sparrow v. State*, 102 Idaho 60, 61, 625 P.2d 414, 415 (1981); *State v. Bradley*, 98 Idaho 918, 919, 575 P.2d 1306, 1307 (1978); *Fowler v. State*, 109 Idaho 1002, 1003, 712 P.2d 703, 704 (Ct.App.1985). This requirement can

be met by reading to the defendant an information containing a reference to the necessary intent element unless the record shows that the defendant does not understand the English language or lacks normal intelligence and education. *Sparrow,* 102 Idaho at 61, 625 P.2d at 415; *Bradley,* 98 Idaho at 919, 575 P.2d at 1307; *Fowler,* 109 Idaho at 1003, 712 P.2d at 704.

■ The record in this case reveals that Hansen was adequately informed of the intent element of second degree murder. The written plea bargain agreement, which she signed, states in part:

> Defendant does not admit that she committed said offense with malice aforethought, a required element for Second Degree Murder, but acknowledges that there is some possibility, if the case were to proceed to trial, that she could be found guilty of First or Second Degree Murder.
>
> . . . .
>
> The Defendant states that she has read this agreement; has had said agreement read to her; has discussed said agreement with her attorneys and understands this agreement.

At the time Hansen appeared in district court to enter her guilty plea to second degree murder, the district court read to her the amended information, which recited in part:

> Murder in the Second Degree, felony, Idaho Code 18–4001(02) and (03). That the defendant, Stacy Lynn Hansen on or about the 9th day of March, 1989, in the County of Bingham, State of Idaho, did wilfully, unlawfully, deliberately, and with malice aforethought kill and murder Curtis Archie Hansen, a human being, by stabbing Curtis Archie Hansen in the chest with a knife, from which he died.

The district judge discussed the intent element with Hansen three more times during the same hearing: when he asked her how she was going to plead to the second degree murder charge; when he discussed with her the terms of the plea agreement; and when he discussed the *Alford* plea with her. In addition, Hansen admits in her brief that, prior to accepting her guilty plea, the court questioned her at length concerning her plea and discussed with her all aspects of the second degree murder charge, and she admits that she reassured the court that her guilty plea was being made knowingly and voluntarily. She does not contend that there is no factual basis for the plea, nor does she contend that she was not informed of, or did not understand, the intent element. Therefore, her contention that she did not intend to kill her husband does not negate the knowing and voluntary nature of her guilty plea.

## II. Understanding the Possible Sentence

■ Even though a court may accept a valid guilty plea where the defendant denies criminal intent, the court is not necessarily precluded from later allowing the defendant to withdraw the plea. *Howell,* 104 Idaho at 396, 659 P.2d at 150; I.C.R. 33(c). The decision to grant or deny a motion to withdraw a guilty plea before sentence is imposed is within the discretion of the trial court, and such discretion should be exercised liberally. *State v. Martinez,* 89 Idaho 129, 138, 403 P.2d 597, 603 (1965); *Howell,* 104 Idaho at 396, 659 P.2d at 150. Where, as here, the motion is made before sentencing, but after the defendant has received the presentence investigation report, the court may temper its liberality by weighing the defendant's apparent motive in asking to withdraw a guilty plea. *State v. Hocker,* 115 Idaho 137, 139, 765 P.2d 162, 164 (Ct.App.1988); *Howell,* 104 Idaho at 397, 659 P.2d at 151. The proper exercise of such discretion requires the district court to identify the conflicting factors which should bear on the decision and to arrive at a decision based on a well-reasoned consideration of those factors. *State v. Ballard,* 114 Idaho 799, 801, 761 P.2d 1151, 1153 (1988); *State v. Freeman,* 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct.App.1986); *Howell,* 104 Idaho at 397, 659 P.2d at 151.

■ The burden is on the defendant to present a just reason for withdrawing the plea. *State v. Hawkins,* 117 Idaho 285, 289, 787 P.2d 271, 275 (1990); *Ballard,* 114

Idaho at 801, 761 P.2d at 1153. Failure of the defendant to present and support a plausible reason for withdrawing a guilty plea, even absent prejudice to the prosecution, militates against granting the motion. *Ballard,* 114 Idaho at 801, 761 P.2d at 1153 (citing *United States v. Webster,* 468 F.2d 769 (9th Cir.1972)); *State v. Henderson,* 113 Idaho 411, 414, 744 P.2d 795, 798 (Ct. App.1987) (citing *Webster, supra* ). On appeal from the denial of such a motion, the burden is on the movant to establish the claimed abuse of discretion. *Martinez,* 89 Idaho at 138, 403 P.2d at 603; *Howell,* 104 Idaho at 396, 659 P.2d at 150.

■ Before the district court accepts a guilty plea, the court must determine that the record of the entire proceedings, including reasonable inferences drawn therefrom, shows that the defendant was informed of the consequences of the plea, including the minimum and maximum punishments which may apply. I.C.R. 11(c)(2). Hansen contends that a letter she wrote to the court dated September 29, 1989, expressed confusion about whether the court had to impose a fixed ten years, or could impose a sentence of less than ten years. On appeal, counsel for Hansen characterizes this doubt as "substantial concerns about whether or not the term she could be sentenced to would be indeterminate or determinate time." The record, however, does not support the argument of confusion over this issue. Before accepting her guilty plea, the district judge engaged in the following colloquy with Hansen:

THE COURT: I should ask you, just so we all know. Are you aware of the penalty for Murder in the Second Degree?

THE DEFENDANT: Yes, I am.

THE COURT: Okay. Why don't you tell me. What is it?

THE DEFENDANT: Ten years to life. The plea agreement, which Hansen signed, also states:

Defendant states to the Court that she is aware ˙of the penalty that could be imposed from an *indeterminate* term of ten years to life imprisonment. [Emphasis added.]

When the court discussed that term of the plea agreement with Hansen, this exchange occurred:

THE COURT: It also says that you're aware of the penalty. An indeterminate term of ten years to life.

THE DEFENDANT: Yes, sir, I am.

THE COURT: In fact, you put your initials by that, didn't you?

THE DEFENDANT: Yes, I did.

At the oral argument on the motion to withdraw her *Alford* plea, Hansen's counsel represented to the trial court as follows:

When we entered Ms. Hansen's plea, and I think I can fairly represent that she had anticipated receiving some incarceration. Obviously the amount of incarceration has been subject to considerable conversation between ourselves, the prosecution and the court, and Ms. Hansen. Whether it could or would be indeterminate, or determinate. All those kinds of things we've talked about.

From counsel's statement it is apparent that the fixed and indeterminate aspects of any future sentence for second degree murder were discussed. Obviously, neither the trial court nor counsel could inform Hansen of the exact amount of time of a fixed portion, since this decision is properly left to the discretion of the trial court at sentencing.[1] This is unlike the situation

---

1. The district court's sentencing discretion in this case was governed by two applicable statutes, I.C. § 18–4004, and I.C. § 19–2513, the unified sentencing act. As this Court stated in *State v. Paul,* 118 Idaho 717, 720, 800 P.2d 113, 116 (Ct.App.1990), a second-degree murder case:

By the provisions of I.C. § 18–4004, the district court was constrained to pronounce an overall sentence that could not be less than ten years and the sentence could extend to life imprisonment. No contention is made here

that the life sentence is invalid. While the district court had to pronounce *some* minimum period of incarceration, I.C. § 19–2513, the length of the mandatory minimum component was to be determined solely by the exercise of the court's sound discretion. [Emphasis in original.]

As *Paul* clarified, there is no mandatory fixed minimum period of confinement for second degree murder, but the term of the sentence, including the fixed minimum portion and an inde-

where a criminal statute mandates a mandatory minimum fixed sentence. *Compare, e.g.,* I.C. § 18–8006(1)(a) (mandatory minimum of thirty days in jail for aggravated driving under the influence) and I.C. §§ 37–2739A and B (relating to certain drug offenses which carry much longer minimum mandatory sentences of three and five years respectively).

In denying Hansen's motion to withdraw her guilty plea, the district court discussed the factors affecting its decision. The court acknowledged that it should liberally apply its discretion to grant or deny the motion in favor of the defendant, but the court also pointed out that the request for change of plea occurred after the parties had received a copy of the presentence report. The court summarized the prior proceedings and concluded that Hansen: understood the nature of the charge and the evidence against her; understood that the possible penalty was an indeterminate ten years to life; understood the nature of an *Alford* plea; had been adequately informed regarding the intent element of second degree murder; and entered her guilty plea intelligently and voluntarily. The record in this case amply supports the district court's conclusion that Hansen presented no justifiable reason for the court to grant her motion.

## III. Plea Bargain Breach

Hansen also contends that the state breached the plea bargain agreement by referring at the sentencing hearing to letters she had written to another inmate while incarcerated in the Bingham County jail. Breach of a plea bargain agreement by the state undermines the voluntariness of the guilty plea and renders the plea invalid because it was entered in reliance upon a false promise. *State v. Jaramillo,* 113 Idaho 862, 864 749 P.2d 1, 3 (Ct.App. 1987); *Svenson v. State,* 110 Idaho 161, 162, 715 P.2d 374, 375 (Ct.App.1986); *State*

*v. Rutherford,* 107 Idaho 910, 915, 693 P.2d 1112, 1117 (Ct.App.1985).

In their plea agreement, the prosecutor agreed not to seek a sentence in excess of twenty years and agreed to not "produce aggravating evidence at sentencing," except to rebut any mitigating evidence put on by Hansen or unless the presentence report revealed unexpected information on Hansen's background. During closing argument at Hansen's sentencing hearing, the prosecutor did not recommend a specific sentence, but did read portions of two "love letters" written by Hansen to a male inmate while both were being held at the Bingham County Jail. Hansen's attorney objected on the ground that the prosecutor's comments violated the terms of the plea agreement. The court overruled the objection, noting that the information was already part of the record [2] and that the prosecutor's comments were "argument and not necessarily fact." We agree with the district court, and in addition, we note that the prosecutor's comments were presented as rebuttal to arguments made by Hansen's attorney regarding Hansen's remorse over the death of her husband. We hold that the prosecutor's comments did not constitute a breach of the plea agreement.

## IV. Conclusion

We hold that the district court did not abuse its discretion in denying Hansen's motion to withdraw her guilty plea. The judgment of conviction and the order denying Hansen's motion to withdraw her guilty plea are affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.

---

terminate period to be imposed according to the discretion of the trial court, must total at least ten years.

**2.** The letters had been admitted as exhibits at Hansen's preliminary hearing.