**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40473**

| | | |
|---|---|---|
| STANLEY G. FISHER, | ) | 2013 Unpublished Opinion No. 701 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: October 4, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Stanley G. Fisher, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Stanley G. Fisher appeals from the district court's order summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Fisher pled guilty to felony driving under the influence. I.C. §§ 18-8004 and 18-8005. The district court imposed a unified term of ten years, with a minimum period of confinement of four years. Fisher appealed and this Court consolidated the matter with two other cases involving Fisher. This Court affirmed Fisher's judgments of conviction in an unpublished opinion. *State v. Fisher*, Docket Nos. 39097, 39111 and 39112 (Ct. App. June 12, 2012). Fisher filed a petition for post-conviction relief and a motion and affidavit in support of appointment of counsel. The district court denied Fisher's request for appointment of counsel. The state filed an answer and a motion for summary dismissal. The district court dismissed Fisher's petition for post-conviction relief.

1

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such

inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Fisher first asserts he received ineffective assistance of counsel because his I.C.R. 11 plea agreement was violated and the terms of that agreement breached. A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30. To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the

3

petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

Fisher's allegation of ineffective assistance is conclusory and unsupported by admissible evidence. The district court was not required to accept this allegation. Fisher did not allege any facts to establish prejudice in his petition, did not proffer any affidavits or transcripts, and the record from the underlying criminal case is not part of the record on appeal. Therefore, Fisher did not present evidence making a prima facie case as to each essential element of this claim. Thus, the district court did not err in dismissing the claim for ineffective assistance of counsel.

Next, Fisher asserts the district judge and Fisher's appointed attorney were on a first name basis and that their relationship was "more than professional." Fisher does not explain what he means by this or how, even if true, these allegations violated any of his rights or prejudiced his case. Unsubstantiated and conclusory allegations are insufficient to entitle a petitioner to an evidentiary hearing. *McKinney v. State,* 133 Idaho 695, 700, 992 P.2d 144, 149 (1999). Therefore, the district court did not err in dismissing this claim.

Last, Fisher asserts that several different prosecuting attorneys appeared in his case, yet none filed a notice of appearance. Idaho Code Section 31-2602 provides that each prosecuting attorney may be empowered by the board of county commissioners of his or her county to appoint deputy prosecuting attorneys. Idaho Code Section 31-2008 provides that whenever the official name of any principal officer is used in any law conferring power, or imposing duties or liabilities, it includes his or her deputies. We have previously stated that, where a duty or power is conferred by law on a prosecuting attorney in this state, the same duty or power is conferred

upon his or her deputies. *State v. Jaramillo*, 113 Idaho 862, 863, 749 P.2d 1, 2 (Ct. App. 1987). The deputy prosecuting attorneys in Fisher's case were representing a single party and did not need to each file a notice of appearance. Thus, this claim is without merit.

## IV.

## CONCLUSION

Fisher failed to allege facts giving rise to a prima facie claim of ineffective assistance of counsel. Fisher's claims that his appointed counsel and the district judge were more than professional and that each deputy prosecutor needed to file a notice of appearance are without merit. Therefore, we affirm the order of the district court summarily dismissing Fisher's petition for post-conviction relief. No costs or attorney fees are awarded on appeal.

Judge LANSING and Judge GRATTON, **CONCUR.**