741 P.2d 728

**Harry E. NOEL, Petitioner-Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 16100.

Court of Appeals of Idaho.

July 30, 1987.

Stewart A. Morris, Boise, for petitioner-appellant.

Jim Jones, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., for respondent.

SWANSTROM, Judge.

On June 6, 1981, Harry Noel shot Rafugio Zamora through the nose while both men were patrons of a lounge in Gooding, Idaho. Noel pled guilty to assault with intent to commit murder and received a fixed five-year sentence plus a fixed five-year term for the use of a firearm. Noel later filed a motion to vacate the enhanced portion of his sentence. This motion was denied. Noel then filed a petition for post-conviction relief. He alleged, among other things, that his guilty plea was not voluntarily, intelligently and knowingly made, that he was denied the effective assistance of counsel, and that the firearm enhancement was illegal. The petition was denied without an evidentiary hearing. Noel appeals the summary dismissal of his petition. We reverse and remand.

Noel presents nine issues which we consolidate into four topics: (1) whether the district court had jurisdiction to accept the guilty plea and to sentence Noel; (2) whether the existence of material questions of fact precluded summary dismissal of Noel's petition for post-conviction relief; (3) whether the sentence was legally enhanced; and (4) whether the guilty plea was voluntary.

I

■ We begin with the jurisdictional issues. Noel contends that he did not waive his right to a preliminary hearing and therefore the district court did not have jurisdiction to sentence him. Article 1, section 8 of the Idaho Constitution guarantees criminal defendants the right to a preliminary hearing. "It has been held that the district court lacks jurisdiction to try any person for an offense by information absent compliance with the statutes regarding preliminary examinations." *State v. Ruddell*, 97 Idaho 436, 439, 546 P.2d 391, 394 (1976).[1] "It is fundamental that jurisdiction to try a defendant and impose sentence is never waived, and may be raised at any time." *State v. Slater*, 71 Idaho 335, 338, 231 P.2d 424, 425 (1951). The right to a preliminary hearing can be waived. I.C. §§ 19–804, 19–812. A waiver made voluntarily, knowingly and intelligently is effective even in the absence of advice of counsel. *Smith v. State*, 94 Idaho 469, 491 P.2d 733 (1971).

■ Here, the record from the magistrate division is ambiguous as to whether Noel waived merely the time requirements

---

1. The state misreads our opinion in *State v. Fowler*, 105 Idaho 642, 671 P.2d 1105 (Ct.App. 1983), as indicating that an invalid waiver of the preliminary hearing is not jurisdictional. In that case the waiver was of defects in a preliminary hearing *that was conducted.* We noted that *nonjurisdictional* defects are waived by a valid guilty plea.

of I.C.R. 5.1, or the right to a preliminary examination altogether. Minutes from the magistrate division and Noel's written waiver suggest that only the time requirements were waived. However, when Noel was arraigned in the district court, the district judge asked Noel if he gave up the right to a preliminary hearing. Noel indicated he had. This question was preceded by an explanation of the right to a preliminary hearing. We are satisfied that Noel effectively waived compliance with the preliminary hearing requirement.

Next, Noel asserts that the district court's "jurisdiction" was defeated by a defective information. The defect complained of is that the information omitted reference to malice aforethought in charging Noel with assault with intent to commit murder. This omission was not truly jurisdictional. It did not render the information so defective that it failed to charge a crime. The charge was simply incomplete. The better practice would be to state the malice element in an information charging assault with intent to commit murder. However, Noel did not object to the information. Defenses and objections based on defects in the information, other than the failure to state a charge or the lack of jurisdiction of the court, must be raised prior to trial. I.C.R. 12(b)(2). Failure to raise the issue waives it. *State v. Segovia*, 93 Idaho 594, 468 P.2d 660 (1970). Nevertheless, as we will discuss, the omission of malice from the information is relevant to the voluntariness of Noel's guilty plea.

## II

We next address the summary dismissal of Noel's petition for post-conviction relief. Noel contends that the district court erred procedurally: (1) in dismissing all claims of the petition when the parties and the court had agreed to submit only two of the issues to the court for determination on briefs; (2) in deciding the issues before the deadline set for filing reply briefs; and (3) in failing to give twenty days notice of the court's intention to dismiss all claims of the petition as required by I.C. § 19–4906(b). We agree that procedural errors did occur.

Whether such errors require reversal of the order dismissing the petition, we need not decide. As we will discuss, Noel is entitled to relief on substantive grounds he has raised. Accordingly, we do not deem it necessary to discuss the procedural errors further.

Noel's petition alleged, among other things, that he was not adequately advised by his legal counsel, or by the court, of the "requisite specific intent to commit murder, nor of the possible consequences of a guilty plea." He further alleged that by his plea of guilty he admitted only to shooting the victim in the face but did not specifically admit that this was done with the intent to kill. Accordingly, he asserts that his plea of guilty was not knowingly and voluntarily made under the standards enunciated in *State v. Colyer*, 98 Idaho 32, 557 P.2d 626 (1976), and *State v. Vasquez*, 107 Idaho 1052, 695 P.2d 437 (Ct.App.1985). Noel's petition asked, among other things, that he be permitted to withdraw the guilty plea. He contends that the district court at least should have granted him an evidentiary hearing on the voluntariness of his plea.

The issue on appeal from dismissal of such a petition is "whether the petition alleges facts which, if true, would entitle the petitioner to relief." *Smith v. State*, 94 Idaho at 472, 491 P.2d at 736. Until controverted by the state, the allegations are deemed to be true. *Id.* A motion to dismiss which is not supported by affidavits or depositions does not controvert the alleged facts. *Id.* However, if the facts alleged, taken as true, would not entitle the petitioner to relief, it is not error to dismiss the uncontroverted petition. *Id.*

The acceptance of a guilty plea is guided by I.C.R. 11(c) which states:

(c) Acceptance of plea of guilty. Before a plea of guilty is accepted, the record of the entire proceedings, including reasonable inferences drawn therefrom, must show:

(1) The voluntariness of the plea.

(2) The defendant was informed of the consequences of the plea, including minimum and maximum punishments, and

other direct consequences which may apply.

(3) The defendant was advised that by pleading guilty he would waive his right against compulsory self-incrimination, his right to trial by jury, and his right to confront witnesses against him.

(4) The defendant was informed of the nature of the charge against him.

(5) Whether any promises have been made to the defendant, or whether the plea is a result of any plea bargaining agreement, and if so, the nature of the agreement and that the defendant was informed that the court is not bound by any promises or recommendation from either party as to punishment.

 A defendant must be informed of the intent element before a guilty plea can be regarded as voluntary. *Fowler v. State*, 109 Idaho 1002, 712 P.2d 703 (Ct.App.1985). This requirement may be met when the information, referring to the intent element, is read to the defendant. *Id.* However, in this case malice was not mentioned in the information which was read to Noel. The record discloses no statement by the district judge informing Noel of the malice element. "The district court, however, need not explain every element of the charged offense so long as the defendant receives 'real notice of the true nature of the charge against him.'" *State v. De La Paz*, 106 Idaho 924, 925, 684 P.2d 326, 327 (Ct.App.1984) (quoting *Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941)).

 We have carefully reviewed the transcript of Noel's arraignment before the district court. The proceedings were brief. Noel's retained counsel initially was not present. The record shows that the court summoned the public defender into court and appointed him to represent Noel "through this arraignment." The court advised Noel of certain of his rights and had the information read to him by the clerk. It recited that Noel "with the intent to commit murder, [did] assault Rafugio Zamora, by shooting said Rafugio Zamora in the face with a .38 caliber revolver while both were patrons in the Lincoln Inn Lounge located in Gooding, Idaho." Noel was not asked whether he understood the charge. The court then questioned Noel about whether he had waived a preliminary hearing. Noel responded that he had.

Just before the court took Noel's plea, his retained counsel arrived. Counsel requested a brief recess so he could talk to a person who had provided security for Noel's bail bond. After the recess, Noel was advised of additional rights and the court then asked Noel what his plea was to the charge of "attempted murder" [sic]. Noel pled guilty. Before accepting the plea, the court had Noel sworn and asked him five questions including the following: "By saying that you are guilty, you are saying to me that you did on the 6th day of June, 1981, in this county and the Lincoln Inn, take a .38 caliber pistol and shoot one Rafugio Zamora?" Noel responded, "Yes, sir." This was the only explanation by the court as to what facts were being admitted by the guilty plea. The court gave no other explanation of the elements of the crime.

The court's statement as to what was being admitted by the plea of guilty was correct as far as it went. However, it did not apprise Noel that by pleading guilty he was admitting to an assault upon Rafugio Zamora *with the specific intent to murder and with malice aforethought.* Nor was he told that before he could be convicted of the crime, the state would have the burden of proving at trial these essential elements of the crime beyond a reasonable doubt. *State v. Buchanan*, 73 Idaho 365, 252 P.2d 524 (1953). The term "malice" as used in the murder statute (§ 18–4001) was never defined or even mentioned. *See* I.C. § 18–4002. Neither was that word used in the information.

There is nothing in the record refuting Noel's allegation that his attorney also failed to advise him of the essential elements necessary to the charge of assault with intent to commit murder. The allegation that Noel did not understand the nature of the charge is not controverted by the state. There exists at least a material issue of fact whether Noel understood the

nature of the charge against him. I.C.R. 11(c)(4). Consequently we must reverse the summary dismissal of Noel's petition for postconviction relief. Standing alone, these circumstances would require a remand for an evidentiary hearing on this issue. *See State v. Goodrich*, 104 Idaho 469, 660 P.2d 934 (1983). However, as we explain, we believe that other problems associated with the plea require that the plea itself be set aside.

 Noel also alleged in his petition that his plea was involuntary because he did not understand the consequences of his plea. As noted in *Brooks v. State*, 108 Idaho 855, 702 P.2d 893 (Ct.App.1985), at least since July 1, 1980, I.C.R. 11(c)(2) has required that before a plea of guilty is accepted, the record of the entire proceedings—including reasonable inferences drawn therefrom—must show:

> (2) The defendant was informed of the consequences of the plea, including minimum and maximum punishments, and other direct consequences which may apply.

Noel entered his plea on August 31, 1981. At that time, according to the record, he was informed only that the "charge carries up to 14 years in the Idaho State Penitentiary...."

Two weeks later Noel appeared for sentencing with his retained counsel. At the start of the hearing the judge said that he may have misadvised Noel as to possible punishment. He told Noel that in addition to a possible fourteen year sentence

> the Idaho Legislature has passed a statute called an enhancement statute which says whenever anybody is convicted with assault with intent to commit murder, the Court shall impose an additional sentence of three to fifteen years which will run consecutively. And in addition to that, the Idaho people voted a constitutional amendment in[,] permitting the legislature to set these times, and the legislature did by Idaho Code 19–2513A

provides that a Court may impose a determinate time as an indeterminate time. [sic]

> What I am saying is that what the Idaho Legislature has said is that I could sentence you up to 14 years for your plea of guilty and add on another 15 years. And I want you to understand that. That is what the law provides. And I will give you, because I didn't advise you of that sentence correctly, I will at this time give you the permission to withdraw your plea of guilty and enter a plea of not guilty if in fact that misdirection of [mine] caused you to plead guilty.
>
> THE DEFENDANT: No, sir. I will stay where I am.
>
> THE COURT: You still wish to maintain your plea of guilty?
>
> THE DEFENDANT: Yes, sir.

Nowhere in the record is there any explanation of what the court meant when it said that it "may impose a determinate time as an indeterminate time.[2]

It is equally important that no explanation was given of the "enhancement statute" which, according to the court, mandated "an additional sentence of three to fifteen years which will run consecutively." No reference was made to a particular code section or to the use of a firearm in the commission of a crime. Thus, this record does not show that Noel was ever informed at critical times what conduct of his would invoke an enhanced sentence.

We can assume from the above statements made by the court about sentence enhancement that it had in mind I.C. § 19–2520 as amended by the 1980 Idaho Sess. Laws, ch. 296, p. 767. Later, while pronouncing sentence, the court referred to § 19–2520, noting then that for use of a firearm this section prescribes additional punishment of three to fifteen years. However, the court went on to say that:

> 19–2520B talks about infliction of great bodily injury and states that any person who inflicts great bodily injury, shall re-

---

**2.** We recognize that the transcript may not accurately show what the judge actually said because of typographical errors. But even if the judge said that the sentence imposed could be a "det-

erminate or an indeterminate time," this would be no explanation of what is meant by a "determinate" sentence under I.C. § 19–2513A.

ceive an additional five to not more than twenty years to be served in the State Penitentiary without eligibility for parole. You certainly did impose a serious bodily injury.

And it is the judgment of this Court that you be sentenced for the crime of assault with intent to murder to a term of five years determinate in the Idaho Penitentiary. And that you be sentenced under the enhancement statute of 19–2520 to an additional five determine years.

This statement by the court suggests that the court thought it was under some duty to follow I.C. § 19–2520B and impose a determinate sentence enhanced by at least five additional years "without eligibility of parole." If so, this was clearly error. Noel had no prior notice until sentence was actually pronounced that I.C. § 19–2520B would have any bearing on his punishment. Adopted in 1981, the statute did not become effective until the month following the June shooting. It was inapplicable.

Moreover, if the judge thought that § 19–2520B mandated enhancing the sentence by at least five years because the Legislature had spoken about punishment for persons who inflict great bodily injury, then the judge, in effect, was saying "this crime you have pled guilty to carries a minimum penalty of at least five years imprisonment without eligibility of parole." If the judge viewed § 19–2520B as mandating a minimum fixed sentence of five years under the facts of this case, then Noel was entitled *before he entered his plea* to be informed of this mandatory minimum sentence. I.C.R. 11(c)(2).

Based on this record we can only conclude that the sentence pronounced may be illegal. At least the record of the sentencing is ambiguous in that it suggests the sentence may have been dictated by an inapplicable statute. The sentence must be vacated. More fundamentally, however, the record reveals a basic lack of notice at critical times. When Noel entered his plea of guilty he was not informed that any enhancement of the sentence was possible or would be sought by the prosecutor.[3] When the court commenced the sentencing hearing two weeks later, it attempted to inform Noel about "determinate time" but the explanation, as reported in the record, is anything but clear.

The last minute explanation of the "enhancement statute" was also inadequate to alert Noel to the consequences of his decision to "stay where I am." According to the record, Noel was never told what conduct required the sentence to be enhanced, nor was he informed which statute applied in his case.

■ These factors combine with the earlier failure to advise Noel what facts he would truly be admitting by his plea of guilty. We are given no reason to believe in this instance that Noel's counsel supplied the missing information. The record indicates otherwise. The inferences to be gained from the whole record in this case do not add assurances that the plea was voluntary.

Our Supreme Court in *State v. Colyer, supra,* quoted the following language from *Boykin v. Alabama:*

> "What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought, and forestalls the spin-off of collateral proceedings that seek to probe murky memories." 395 U.S. 238, at 243–44, 89 S.Ct. 1709, at 1712, 23 L.Ed.2d 274 (1969) (citations and footnotes omitted).

98 Idaho at 34, 557 P.2d at 628.

We conclude from the arraignment and sentencing record, as a matter of law, that Noel's plea was not voluntary. Therefore,

---

**3.** The present version of I.C. § 19–2520 requires the prosecutor to "give notice to the defendant of intent to seek an enhanced penalty at or before the preliminary hearing or before a waiver of the preliminary hearing, if any."

we vacate the judgment of conviction and remand with instructions that the district court permit Noel to withdraw his guilty plea.

WALTERS, C.J., and BURNETT, J., concur.