152 P.3d 1237

**Cruz Castillo MARTINEZ,**
**Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 32349.

Court of Appeals of Idaho.

Feb. 16, 2007.

Molly J. Huskey, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant. Jason C. Pintler argued.

Hon. Lawrence G. Wasden, Attorney General; Daniel W. Bower, Deputy Attorney General, Boise, for respondent. Daniel W. Bower argued.

PERRY, Chief Judge.

Cruz Castillo Martinez appeals from the district court's order summarily dismissing his application for post-conviction relief. For the reasons set forth below, we reverse and remand.

## I.

### FACTS AND PROCEDURE

On January 31, 2004, Martinez was stopped by a police officer while driving. According to the officer's probable cause affidavit, the officer conducted a field sobriety test on Martinez, which Martinez failed. After arresting Martinez, the officer agreed to call Martinez's nephew to request that he remove Martinez's vehicle from the street. Martinez told the officer that the phone number was in his wallet. While looking for the phone number in Martinez's wallet, the officer found a twisted plastic bindle with a powdered substance in it. The officer subsequently determined that the powdered substance was methamphetamine.

The state charged Martinez with possession of a controlled substance. I.C. § 37–2732(c)(1). He pled guilty to possession of a controlled substance, and the state dismissed other unrelated charges. The district court sentenced Martinez to a unified term of seven years, with a minimum period of confinement of three years. Martinez thereafter filed an application for post-conviction relief, alleging that his guilty plea was unconstitutional because he did not understand the nature of the charges against him and his counsel provided ineffective assistance.[1] The district court issued a notice of intent to dismiss Martinez's application, and Martinez filed an amended affidavit in response. In his affidavits, Martinez averred that the methamphetamine was placed in his wallet by someone else without his knowledge and that, prior to pleading guilty, he was never made aware that knowledge is an element of possession of a controlled substance. The district court summarily dismissed Martinez's application. Martinez appeals.

## II.

## STANDARD OF REVIEW

■ An application for post-conviction relief initiates a proceeding which is civil in nature. *State v. Bearshield,* 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State,* 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State,* 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct.App.1992). Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19–4907; *Russell v. State,* 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). An application for post-conviction relief differs from a complaint in an ordinary civil action. An application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evi-

dence is not included with the application. I.C. § 19–4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

■ Idaho Code Section 19–4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application pursuant to I.C. § 19–4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State,* 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991); *Hoover v. State,* 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct.App.1988); *Ramirez v. State,* 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State,* 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994); *Baruth v. Gardner,* 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct.App.1986).

■ On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions together with any affidavits on file; moreover, the court liberally construes the facts and reasonable inferences in favor of the nonmoving party. *Ricca v. State,* 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct.App.1993).

## III.

## ANALYSIS

### A. Voluntariness of Guilty Plea

■ Martinez argues that his guilty plea was involuntary because he did not under-

---

1. Other allegations in Martinez's application for post-conviction relief are not in issue on appeal.

stand the nature of the offense to which he pled guilty—possession of a controlled substance in violation of I.C. § 37–2732(c)(1). He argues that neither the state, the district court, or defense counsel ever made him aware that, in order to be found guilty of possession of a controlled substance, the state must prove that he "knew" he possessed the substance. He further argues that he was consequently unaware that possession of a controlled substance includes the general intent element of "knowing" possession at the time that he pled guilty. The state argues that the record shows that Martinez was aware of the intent element.

■ In order to be valid, a guilty plea must be voluntary, and voluntariness requires that the defendant understand the nature of the charges to which he or she is pleading guilty. *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711–12, 23 L.Ed.2d 274, 279 (1969); *State v. Dopp*, 124 Idaho 481, 484, 861 P.2d 51, 54 (1993); *State v. Mauro*, 121 Idaho 178, 180, 824 P.2d 109, 111 (1991); *State v. Carrasco*, 117 Idaho 295, 298, 787 P.2d 281, 284 (1990). In *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), the Supreme Court held a mentally-retarded defendant's guilty plea to second degree murder was invalid because the defendant entered the plea without having been informed or having understood that an intent to cause the victim's death was an element of the offense. The Court deemed the plea involuntary because the defendant did not receive adequate notice of the offense to which he pled guilty. *Morgan*, 426 U.S. at 647, 96 S.Ct. at 2258–59, 49 L.Ed.2d at 115–16. Likewise, this Court has held in at least two cases that a guilty plea was rendered involuntary when the defendant was never informed of an intent element and the defendant was consequently unaware of the element prior to entering his or her plea. *See State v. Henderson*, 113 Idaho 411, 744 P.2d 795 (Ct.App.1987); *Noel v. State*, 113 Idaho 92, 741 P.2d 728 (Ct.App.1987).

In *State v. Henderson*, the defendant was charged with grand theft following his attempt to purchase $500,000 worth of silver with forged cashier's checks. The information did not allege that Henderson had an intent to deprive another of property, an intent to defraud, or knowledge that the cashier's checks were forged. At his plea hearing, the district court did not advise Henderson of these mental elements of the offense. This Court held that the district court abused its discretion when it denied Henderson's subsequent motion to withdraw his guilty plea on the ground that he had not been informed of the intent element of the crime. *Id.*, 113 Idaho at 414, 744 P.2d at 798.

In *Noel*, the defendant pled guilty to assault with intent to commit murder after having shot his victim in the nose. Later, in a post-conviction action, he alleged that he had not understood that intent to kill was an element of the offense. When taking Noel's guilty plea, the district court had asked whether Noel admitted shooting the victim, but the court did not inquire whether Noel had intended to murder the victim and did not explain that intent to kill or malice aforethought was an element that Noel was admitting with his guilty plea. In reversing the district court's summary dismissal of Noel's post-conviction action, this Court held that Noel had made a prima facie showing, sufficient to entitle him to an evidentiary hearing, on his claim that he did not understand the nature of the charge when he pled guilty. *Id.*, 113 Idaho at 94–95, 741 P.2d at 730–31.

■ Due process does not require, however, that an explanation of every element of the offense must always be given to the defendant on the record before a valid guilty plea may be taken. *State v. Mayer*, 139 Idaho 643, 647, 84 P.3d 579, 583 (Ct.App. 2004). Indeed, the *Morgan* opinion included a cautionary footnote that stated:

There is no need in this case to decide whether notice of the true nature, or substance, of a charge always requires a description of every element of the offense; *we assume it does not*. Nevertheless, intent is such a critical element of the offense of second-degree murder that notice of that element is required.

*Morgan*, 426 U.S. at 647 n. 18, 96 S.Ct. at 2258, n. 18, 49 L.Ed.2d at 115, n. 18 (emphasis added). An adequate understanding of the offense to permit a valid guilty plea may be gained by a defendant in ways other than

an explication from the court. *Mayer,* 139 Idaho at 647, 84 P.3d at 583.

One factor to be considered is whether the charge or a pleaded element of the charge is a self-explanatory legal term or so simple in meaning that it can be expected or assumed that a lay person understands it. *Id.* For example, in *Mayer* this Court held that, when the district court referred to a charge as battery with intent to commit rape, the court sufficiently conveyed that the charge alleged an intent to sexually penetrate the victim. *Id.,* 139 Idaho at 648–49, 84 P.3d at 584–85. This Court reasoned that the common meaning of the word "rape" is sexual penetration under circumstances in which the victim does not consent. *Id.,* 139 Idaho at 648, 84 P.3d at 584.

Another factor to be considered is whether the defendant has been convicted of the offense in the past. *See Fowler v. State,* 109 Idaho 1002, 1004, 712 P.2d 703, 705 (Ct.App. 1985); *Bates v. State,* 106 Idaho 395, 400, 679 P.2d 672, 677 (Ct.App.1984). In such a circumstance, the defendant may have been made aware of the nature of the charge in the prior proceedings.

Additionally, where a defendant is represented by competent counsel, the court usually may rely on that counsel's assurance that the defendant has been properly informed of the nature and elements of the charge to which he or she is pleading guilty. *Bradshaw v. Stumpf,* 545 U.S. 175, 183, 125 S.Ct. 2398, 2405–06, 162 L.Ed.2d 143, —— (2005). In *Morgan,* the trial judge found as a fact that the element of intent was not explained to the defendant, who had an unusually low mental capacity. However, at the summary dismissal stage in a post-conviction proceeding, the applicant need not prove by a preponderance of the evidence that counsel failed to make him or her aware of the elements of the charged crime. Rather, the applicant must raise a genuine issue of material fact as to whether he or she was unaware of the elements of the charged offense at the time of the guilty plea. *See Noel,* 113 Idaho at 94–95, 741 P.2d at 730–31.

Here, Martinez asserts that he was not aware of the intent element of possession of a controlled substance when he pled guilty. Possession of a controlled substance in violation of I.C. § 37–2732(c)(1) requires a general intent—the knowledge that one is in possession of the substance whether it be marijuana, cocaine, or another controlled substance.[2] *State v. Blake,* 133 Idaho 237, 240, 985 P.2d 117, 120 (1999); *State v. Fox,* 124 Idaho 924, 926, 866 P.2d 181, 183 (1993). Martinez therefore correctly asserts on appeal that the state would have had the burden at trial of proving that he knew he was in possession of the methamphetamine found in his wallet. Martinez claims that the methamphetamine was placed in his wallet by his girlfriend without his knowledge, and he therefore did not know he possessed it.

In his post-conviction filings, Martinez repeatedly asserted that he was not made aware of the intent element by the state, the district court, or his attorney, and consequently he was not aware of the intent element. In his affidavit accompanying his application for post-conviction relief, Martinez avers: "I did not understand before I plead guilty, that I needed to know I was in possession of the drug to be actually guilty, of constructive possession, before my attorney talked me into changing my pleas to guilty."

On appeal, the state has not directed this Court to portions of the record that refute Martinez's averments that he was unaware of the intent element. The charging information in the criminal case alleged that Martinez "did unlawfully possess a controlled substance, to-wit: Methamphetamine, a Schedule II controlled substance." Likewise, the transcript of the hearing where Martinez pled guilty indicates that Martinez was not informed of the intent element by the district court during the plea colloquy. In listing the rights that Martinez would give

---

2. This general intent element does not appear on the face of I.C. § 37–2732(c)(1), which reads:
    Any person who violates this subsection and has in his possession a controlled substance classified in schedule I which is a narcotic drug or a controlled substance classified in schedule II, is guilty of a felony and upon conviction may be imprisoned for not more than seven (7) years, or fined not more than fifteen thousand dollars ($15,000), or both.

up by pleading guilty, the district court advised, "you're waiving and giving up your right to require that the state prove your guilt beyond a reasonable doubt as to each and every element of the charge of possession of a controlled substance as charged in the information." The district court also failed to mention the intent element during a subsequent exchange:

THE COURT: Are you entering, Mr. Martinez, a plea of guilty here today of your own free and voluntary will?

THE DEFENDANT: Yes, sir, Your Honor, I do. I am.

THE COURT: Are you entering a plea of guilty today because you did in fact on or about January 31, 2004, in Canyon County did unlawfully possess a controlled substance, specifically methamphetamine?

THE DEFENDANT: Yes, sir, Your Honor.

THE COURT: In other words, you're entering a plea of guilty because you did commit the crime as charged in the information. Is that correct?

THE DEFENDANT: I am.

Nowhere in the record before us was Martinez made aware of the intent element by the state or the district court.

The record also indicates that defense counsel was unaware of the intent element and therefore could not have made Martinez aware of it. At the plea hearing, defense counsel stated:

If the state were to try this case, the state would demonstrate that Mr. Martinez was stopped for suspicion of driving under the influence, that he was administered the field sobriety tests, that he was unsuccessful in completing those correctly. The officer inquired of Mr. Martinez who would be able to take care of his vehicle. He directed the officer to his wallet. The officer took his wallet, went through the wallet in search of the address that Mr. Martinez was directing him to, and in the process of his search, pursuant to Mr. Martinez's instructions, he discovered a small bindle that contained what later proved to be methamphetamine.

Later, defense counsel again referred to the fact that Martinez directed the officer to the wallet:

THE COURT: Obviously there was a seizure of the bindle in this case. Are there any confessions, admissions, or any other search and seizure issues?

[DEFENSE COUNSEL]: Constructive possession, Judge. He says he does not know where it came from, but in fact it was on his person and he directed the officer in that direction.

Finally, at the sentencing hearing defense counsel further elaborated on the implication of directing the officer to the wallet that contained the methamphetamine by stating, "So it's a situation where, you know, I think he was shocked in terms that he possessed methamphetamine." Despite asserting that Martinez did not know that the methamphetamine was in his wallet, the record does not indicate that defense counsel ever recognized that knowledge of the methamphetamine was an essential element of the charged offense. It appears that counsel believed that unknowing possession constituted "constructive possession." Based on the record, defense counsel therefore appears to have been ignorant of the knowledge element and therefore unable to make Martinez aware of the intent element.

Even the presentence investigation report (PSI), relied upon by the district court to summarily dismiss Martinez's application, does not refute Martinez's allegation that he was unaware of the intent element. In recounting his version of the events to the presentence investigator, Martinez stated that he knew that his girlfriend and his friend had purchased the drugs, but he did not know how the drugs got into his wallet. The statement, made after Martinez pled guilty, does not indicate that Martinez was aware of the intent element at the time he pled guilty. Further, the PSI does not indicate that Martinez has ever been charged with or convicted of possession of a controlled substance in Idaho previously and, thus, could have been aware of the intent element from a previous charging instrument, guilty plea, or trial.

In sum, nothing in the record refutes Martinez's averment that he was unaware of the intent element of the charge of possession of a controlled substance prior to pleading guilty. If Martinez could prove his averment at an evidentiary hearing, he would be entitled to relief from an involuntarily-entered guilty plea. Consequently, the district court erred in summarily dismissing his claim that his guilty plea was entered involuntarily.

## B. Ineffective Assistance of Counsel

■ Martinez also argues that he was provided with ineffective assistance of counsel because his defense counsel failed to explain that the state must prove that Martinez knowingly possessed a controlled substance.

■ A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924–25, 828 P.2d 1323, 1329–30 (Ct.App.1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674, 693–94 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct.App.1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct.App.1994).

The state argues that Martinez failed to specifically aver in his affidavits that his defense counsel failed to inform him of the knowledge element. However, in his first affidavit accompanying his application for post-conviction relief, Martinez averred he informed his counsel that he did not know he was in possession of the methamphetamine and his counsel misunderstood the knowledge element of possession of a controlled substance. Martinez also averred that his counsel failed to inform him of the elements of constructive possession.

■ The intent element must be proven beyond a reasonable doubt whether the state proves actual or constructive possession of a controlled substance. *See Blake,* 133 Idaho at 242, 985 P.2d at 122. Liberally construing the facts and reasonable inferences in favor of the nonmoving party, we must conclude that Martinez sufficiently averred that his counsel failed to inform him of the intent element. *See Ricca v. State,* 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App.1993). As discussed above, the record does not refute Martinez's allegations. Failing to inform a client of an element of the charged offense prior to advising the client to plead guilty to the charge, when the client has denied the existence of that element, cannot be a tactical or strategic decision. Rather, such a failure falls below an objective standard of reasonableness. If Martinez can prove his counsel failed to inform him of the intent element, he will satisfy the first prong of the *Strickland* test. Therefore, Martinez has set forth sufficient evidence to raise a genuine issue of material fact as to the first prong.

Martinez has also raised a genuine issue of material fact as to the prejudice prong of the *Strickland* test. When it is asserted that a guilty plea was the product of ineffective assistance, to prove the prejudice prong the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370–71, 88 L.Ed.2d 203, 210–11 (1985); *Mayer,* 139 Idaho at 649, 84 P.3d at 585. Martinez argues that he adequately stated he would not have pled guilty to possession of a controlled substance and would have gone to trial absent defense counsel's error when he averred:

I have been prejudiced by my counsel's erroneous [advice] leading me to plead guilty to "constructive possession" of a controlled substance when my offense might have been reduced to frequenting a bar known to be a drug house had I proceeded to trial[.]

Again, liberally construing the facts and reasonable inferences in favor of the nonmoving party, we conclude that Martinez made a prima facie showing that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *See Ricca*, 124 Idaho at 896, 865 P.2d at 987.

## IV.

## CONCLUSION

Martinez raised a genuine issue of material fact as to whether he was aware of the intent element of the charge of possession of a controlled substance prior to pleading guilty to that charge. Martinez also raised a genuine issue of material fact as to whether he was provided with ineffective assistance of counsel because he sufficiently averred facts that, if proven true, would satisfy both the deficiency and the prejudice prongs of the *Strickland* test. Martinez is therefore entitled to an evidentiary hearing. We reverse the district court's order summarily dismissing Martinez's application for post-conviction relief and remand for an evidentiary hearing on Martinez's claims that he was unaware of the nature of the charges against him and that his counsel provided ineffective assistance. Costs, but not attorney fees, are awarded to Martinez on appeal.

Judge LANSING and Judge GUTIERREZ concur.