# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41677

| | | |
|---|---|---|
| **RICHARD JOSEPH WAGNER,** | ) | **2015 Opinion No. 26** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: May 13, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **SUBSTITUTE OPINION** |
| | ) | **THE COURT'S PRIOR** |
| **Respondent.** | ) | **UNPUBLISHED OPINION** |
| | ) | **DATED MARCH 4, 2015,** |
| | ) | **IS HEREBY WITHDRAWN** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of the district court summarily dismissing petition for post-conviction relief, <u>vacated</u> and <u>case remanded</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Theodore S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Richard Joseph Wagner appeals from the judgment of the district court summarily dismissing his petition for post-conviction relief. For the reasons that follow, we vacate and remand.

## I.

## FACTS AND PROCEDURE

In the underlying criminal case, a grand jury indicted Wagner for three counts of lewd conduct with a minor child under sixteen. In pretrial proceedings, the State filed a motion to

1

introduce evidence of a prior act, subject to Idaho Rule of Evidence 404(b).[1] Subsequently, the State and Wagner reached a plea agreement in which Wagner agreed to plead guilty to one count of lewd conduct with a minor child under sixteen, and the State agreed to dismiss the other counts and dismiss a persistent violator allegation.[2] The State also agreed to recommend a unified sentence of thirty years, with ten years determinate. Wagner entered a guilty plea, and the State later recommended a sentence consistent with its agreement. The district court sentenced Wagner to a unified sentence of thirty years, with eight years determinate.

Wagner then filed a pro se petition for post-conviction relief, the subject of this appeal. In that petition, Wagner generally asserted four ineffective assistance of counsel claims alleging that defense counsel failed to file an appeal, "failed to argue to keep prior record out of court records," did not require the prosecutor to show evidence that a crime took place, and did not file an Idaho Criminal Rule 35 motion. After the State moved for summary dismissal, Wagner was appointed counsel. Through counsel, Wagner filed a memorandum in opposition to the motion for summary dismissal. Following a hearing, the district court issued a notice of intent to dismiss the petition.

In response to the notice of intent to dismiss, Wagner filed an affidavit (the post-notice affidavit) in which he asserted that: (a) defense counsel told him that his prior record would cause him to lose at a jury trial; (b) he only pleaded guilty because defense counsel told him he would lose at a jury trial; (c) defense counsel told him that he would be sentenced to life in prison if he lost at trial; (d) he believed that the victim would have recanted her story at trial; (e) he would have asked to go to trial, but defense counsel informed him he would lose because of his prior record; (f) defense counsel did not advise him to lie at his entry of plea, but defense counsel told him the court would not accept his plea if the questions were not answered properly; and (g) he was "factually innocent." The district court summarily dismissed the petition, relying

---

[1] Specifically, the State sought to introduce evidence of a prior act involving an unrelated, out-of-state victim that resulted in an out-of-state conviction for two counts of indecent liberties with children more than a decade before the lewd conduct at issue. The State claimed the evidence was relevant and was admissible under Idaho Rule of Evidence 404(b) because the evidence demonstrated a common scheme or plan.

[2] The State moved the trial court for leave to file an information with a persistent violator allegation. Although the State agreed to drop the allegation as part of a plea agreement, it is not apparent from the trial court record that the trial court ever entered an order granting the State leave to file an information with a persistent violator allegation.

on the reasoning asserted in the notice of intent to dismiss and explaining that the post-notice affidavit contained bare and conclusory statements. Wagner appeals.

## II.

## STANDARD OF REVIEW

Idaho Code section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of a petition pursuant to I.C. § 19-4906 is the procedural equivalent of summary judgment under Idaho Rule of Civil Procedure 56. A claim for post-conviction relief will be subject to summary dismissal if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims upon which the petitioner bears the burden of proof. *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal is permissible when the petitioner's evidence has raised no genuine issue of material fact that, if resolved in the petitioner's favor, would entitle the petitioner to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Goodwin v. State*, 138 Idaho 269, 272, 61 P.3d 626, 629 (Ct. App. 2002). Summary dismissal of a petition for post-conviction relief may be appropriate, however, even where the State does not controvert the petitioner's evidence because the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986).

Because this appeal involves an ineffective assistance of counsel claim, we note that a claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled

3

guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

## III.

## ANALYSIS

On appeal, Wagner argues that the district court erred by summarily dismissing his petition for post-conviction relief. Specifically, Wagner "contends that his plea was not knowing, intelligent, and voluntary because [defense] counsel provided him with erroneous information during the plea bargaining process."[3] The State contends that Wagner waived the claim below, failed to support the claim with sufficient evidence, and did not establish deficient performance.[4]

We begin by looking to the pro se petition filed by Wagner. There, he asserted that defense counsel "did not fight to keep 13 yr. old evidence out of court," and he specifically explained that defense counsel "failed to argue to keep prior record out of court records." The State, in its motion for summary dismissal, seemingly characterized the claim as asserting ineffective assistance with respect to advice concerning the admissibility of Rule 404(b) evidence *at sentencing*; thus, the State argued that a "defendant's prior criminal history is always relevant at sentencing and that it is not for counsel of record to try and 'keep it out.'" But in Wagner's memorandum in response to the motion for summary dismissal, Wagner pointed out

---

[3] Although Wagner starts his argument by asserting that his plea was constitutionally defective, the claim argued below and the discussion in Wagner's appellate brief focus on defense counsel's alleged deficient performance. Whether the plea was defective or whether counsel provided ineffective assistance of counsel in relation to the guilty plea are separate post-conviction claims. *See Martinez v. State*, 143 Idaho 789, 795, 152 P.3d 1237, 1243 (Ct. App. 2007) (analyzing Martinez's claim that his plea was involuntary because he was not aware of the intent element of the crime and then analyzing Martinez's claim that defense counsel was ineffective for not informing him of the intent element).

[4] Although the State claims that Wagner waived the ineffective assistance of counsel claim at a hearing, the district court did not treat the claim, or what it characterized as the claim, as waived in its post-hearing notice of intent to dismiss. Moreover, following the notice of intent to dismiss, Wagner filed an affidavit asserting the claim. Accordingly, we are not persuaded that the claim was waived below.

4

that "this issue is not as simple as the prosecuting attorney's characterization of it for the purposes of seeking dismissal." Wagner clarified what his claim was: Wagner was asserting that defense counsel provided ineffective assistance by advising him that the Rule 404(b) evidence would be admissible *at trial*, from which counsel also informed Wagner that the jury would have convicted him because of his "history" and that he would have "suffer[ed] a far worse fate than what was contemplated by the plea agreement."

In its notice of intent to dismiss, the district court analyzed the claim as though the claim of ineffective assistance was directed at defense counsel's advice concerning the admissibility of the Rule 404(b) evidence *at sentencing*, as the State had characterized the claim. But that is not the claim that Wagner asserted, as Wagner pointed out in his memorandum and in his post-notice affidavit. In his post-notice affidavit, Wagner claimed that "my Trial Counsel told me my prior criminal record would cause me to lose at jury trial." Additionally, Wagner offered averments in his post-notice affidavit in support of prejudice, explaining that: (1) he only pleaded guilty because defense counsel told him he would lose at jury trial; (2) defense counsel told him that he would be sentenced to life in prison if he lost at trial;[5] (3) he believed that the victim would have recanted her story at trial; (4) he would have asked to go to trial, but defense counsel informed him he would lose because of his prior record; (5) defense counsel did not advise him to lie at his entry of plea, but defense counsel told him the court would not accept his plea if the questions were not answered properly; and (6) he was "factually innocent."

Here, the district court did not analyze the claim that was actually asserted by Wagner. Rather than address the claim for the first time on appeal, we vacate the judgment of the district court summarily dismissing Wagner's petition for post-conviction relief. We remand the case for further proceedings consistent with this opinion.

Judge LANSING and Judge GRATTON **CONCUR**.

---

[5] In his appellate brief, Wagner also asserts what, at first blush, appears to be another claim that he is challenging the summary dismissal of: "Mr. Wagner also contended that he was not adequately informed about the potential punishments during his consideration of whether to accept the plea deal." The State treats this as another claim in its brief and Wagner treats this as a claim in his reply brief. However, we note that this is not a claim that was raised below, but was an averment in support of prejudice for his claim that defense counsel provided ineffective assistance by advising him that the Rule 404(b) evidence would be admissible *at trial*.